IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK HERRINGTON, | ) | CASE NO. 1:19-cv-02405 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| WARDEN LYNEAL WAINWRIGHT, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |

On September 27, 2019,[1] *pro se* Petitioner Frank Herrington ("Petitioner" or "Herrington") filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). Doc. 1. Herrington challenges the constitutionality of his conviction and sentence in *State of Ohio v. Frank Herrington*, Case No. CR-96-346298A (Cuyahoga County). Doc. 1. In June 1997, a three-judge panel accepted Herrington's plea of guilty to one count of aggravated murder with a felony murder specification and sentenced him to life without possibility of parole. Doc. 8-1, p. 10.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2. Pending before this Court is Respondent's Motion to Dismiss filed on February 5, 2020. Doc. 8. Herrington filed a Reply/Response Memorandum in Opposition on March 2, 2020. Doc. 9.

---

[1] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack,* 487 U.S. 266, 273 (1988)). In his Petition, Herrington declares that he placed his Petition in the prison mailing system on September 27, 2019. Doc. 1, p. 16. Herrington's Petition was docketed in this Court on October 15, 2019. Doc. 1.

For the reasons set forth below, the undersigned concludes that Herrington's Petition is untimely under 28 U.S.C. § 2244(d). Further, Herrington has not demonstrated an entitlement to equitable tolling of the statute of limitations. Accordingly, the undersigned recommends that the Court **GRANT** Respondent's Motion to Dismiss (Doc. 8) and **DISMISS** Herrington's Petition (Doc. 1).

### I. Procedural Background

**A.   State conviction**

On January 2, 1997, Herrington was arraigned in the Cuyahoga County Court of Common Pleas after being indicted on one count of aggravated murder with felony murder specification and firearm specification; one count of aggravated robbery with firearm specification; one count of aggravated burglary with firearm specification; and one count of kidnapping with firearm specification. Doc. 8-1, pp. 5-6, 8, 10. At his arraignment, Herrington appeared with court assigned counsel and pleaded not guilty. Doc. 8-1, p. 8.

On May 29, 1997, Herrington appeared in court with his counsel before a panel of three judges. Doc. 8-1, p. 10. Count 1 (aggravated murder) was amended to delete the firearm specification – the felony murder specification remained. *Id.* Herrington retracted his not guilty plea and entered a plea of guilty to aggravated murder with felony murder specification, as amended in Count 1. *Id.* Upon the prosecutor's recommendation, the court accepted the plea. *Id.* Also, upon the recommendation of the prosecutor, the remaining counts were nolled. *Id.* The court, that same day, proceeded to sentence Herrington to life without possibility of parole.[2] *Id.* Herrington did not timely appeal.

**B.   Motion for leave to file delayed appeal**

---

[2] The journal entry from the May 29, 1997, sentencing was docketed on June 6, 1997. Doc. 8-1, p. 10.

Nearly 20 years later, on May 16, 2017, Herrington, through counsel, filed a notice of appeal (Doc. 8-1, pp. 12-19) and motion for leave to file a delayed appeal of sentence and appoint appellate counsel (Doc. 8-1, pp. 21-30). In his brief in support of his motion for leave to file a delayed appeal, Herrington stated that he wanted to "pursue an appeal on the issue of the lack of a properly executed jury waiver[]" under Ohio law, arguing that he was charged with a death eligible offense and a three-judge panel took his plea and sentenced him without a signed jury waiver being made part of the record. Doc. 8-1, p. 24. Herrington asserted that he contacted the Cuyahoga County Public Defender's Office because he wanted "to pursue a delayed appeal on the grounds that the three-judge panel did not have jurisdiction to take his plea." *Id.* Herrington stated he was delayed in filing an appeal because he was not informed by the court or his appointed counsel regarding his right to an appeal. *Id.*

On June 2, 2017, the State filed its brief in opposition to Herrington's motion for delayed appeal. Doc. 8-1, pp. 32-36. The State argued that, even if Herrington had not been advised by the trial court of his right to appeal, his remedy was to file a motion for post-conviction relief. Doc. 8-1, p. 34. Also, considering the length of time that had passed since Herrington's sentence, the State argued that Herrington had not shown justification for his delay in seeking leave to file a delayed appeal. Doc. 8-1, p. 34. And the State argued that the issue that Herrington sought to raise on appeal was meritless. Doc. 8-1, pp. 34-35.

On June 6, 2017, the Eighth District Court of Appeals denied Herrington's motion for leave to file delayed appeal and appointment of counsel and dismissed his appeal. Doc. 8-1, pp. 38, 40.

On June 9, 2017, Herrington, through counsel, filed a motion to reconsider the denial of his motion for delayed appeal and appointment of counsel. Doc. 8-1, pp. 42-49. On June 12,

2017, the State filed a brief in opposition to Herrington's motion to reconsider. Doc. 8-1, pp. 51-54. On June 20, 2017, the Eighth District Court of Appeals denied Herrington's motion for reconsideration. Doc. 8-1, p. 56.

On August 2, 2017, Herrington, through counsel, filed a notice of appeal with the Supreme Court of Ohio from the Eighth District Court of Appeals' judgment entered on June 6, 2017, and its order denying reconsideration entered on June 20, 2017. Doc. 8-1, pp. 58-59. In Herrington's memorandum in support of jurisdiction filed that same day (Doc. 8-1, pp. 61-72), Herrington raised the following proposition of law:

> Proposition of Law: A[] trial court violates a criminal defendant[']s right[] to a jury, to fair trial, to due process, and to be free from unreasonable seizure when it finds him guilty and sentences him to spend the remainder of his life in prison for aggravated murder with death specifications on a guilty plea that does not follow upon a valid jury waiver, and a court of appeals improperly denies a motion for leave to file a delayed appeal raising those issues.

Doc. 8-1, p. 65. On August 23, 2017, the State filed a memorandum in response to jurisdiction. Doc. 8-1, pp. 74-80. On January 31, 2018, the Supreme Court of Ohio declined to accept jurisdiction of the appeal. Doc. 8-1, p. 82.

Herrington sought and, on April 24, 2018, received an extension of time to file a petition for a writ of certiorari with the Supreme Court of the United States. Doc. 8-1, p. 84. Herrington's petition for a writ of certiorari was filed with the Supreme Court of the United States on June 15, 2018, and placed on the docket on June 26, 2018, as No. 17-9521. Doc. 8-1, p. 86. In his petition for writ of certiorari, (Doc. 8-1, pp. 88-103), Herrington, through counsel, presented the following question:

> When a criminal defendant is convicted and sentenced to life without the possibility of parole in violation of his rights under the Fourth, Sixth, and Fourteenth Amendments, and the state provides that his only remedy is direct appeal, may the court in which he seeks review deny him that appeal and thereby affirm the violation of his rights under those amendments?

4

Doc. 8-1, p. 89. The State filed a brief in opposition. Doc. 8-1, pp. 105-117. On October 1, 2018, the Supreme Court of the United States denied Herrington's petition for a writ of certiorari. Doc. 8-1, p. 119.

**C.     Federal habeas corpus**

Herrington raises the following grounds for relief in his Petition:

**Ground One**: The trial court violated petitioner['s] rights of fair trial, due process[.]

Supporting Facts: The trial court violated petitioner['s] constitution[al] rights of fair trial, due process, and the right to be free from unreasonable seizure upon a guilty plea of aggravated murder with death specification. Failure to follow R.C. 2945.05 and lack jurisdiction to try the defendant without jury waiver.

**Ground Two**:[3] The trial court and appellate court violated the petitioner[']s Fifth, Sixth and Fourteenth Amendment of the United States Constitution by failing to allow appeal of rights.

Supporting Facts: Petitioner was not told of his appellate rights at the time of his plea and sentence. In 2017 the petitioner sought help from the Public Defender[']s office in effect to vindicate his constitutional rights by way of delayed appeal. The appellate court denied him access to the court on the issues lacked jury trial waiver before the three judge panel could accept his plea or impose sentence.

Doc. 1, pp. 5, 7-8.

### III.     Law and Analysis

**A.     Standard of review under AEDPA**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). In particular, the controlling AEDPA provision states:

---

[3] The Petition contains two statements of Ground Two with supporting facts. Doc. 1, p. 7, 8. The two statements are similar and therefore both are not recited herein. Ground Two and the supporting facts recited herein are taken from Doc. 1, p. 8.

5

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* at 599-600 (quoting *Williams*, 529 U.S. at 413). "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The state court's application of clearly established law must be objectively unreasonable." *Id.*

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through

6

appeal." *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The petitioner carries the burden of proof. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

**B.     AEDPA statute of limitations**

28 U.S.C. § 2244 limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus, providing in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of --
>
>     (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction or other collateral review is pending before the state

courts. *Jurado v. Burt,* 337 F.3d 638, 640 (6th Cir. 2003). "[A]n application is pending so long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-220 (2002); *see also Applegarth v. Warden North Cent. Correctional Inst.*, 377 Fed. Appx. 448, 449-450 (6th Cir. 2010) (relying on *Carey* when concluding that, where an appeal was not taken to the Ohio Supreme Court from the denial of a Rule 5(A) motion for delayed appeal, AEDPA was not tolled beyond the 45-day period in which the petitioner had to file an appeal). This statutory tolling provision, however, does not "revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (internal quotations and citation omitted).

### C. Application of AEDPA's statute of limitations to Herrington's Petition

Within Herrington's two grounds for relief, there are two claims that pertain to his conviction and sentencing, i.e., in Ground One Herrington claims that his plea was accepted by a three-judge panel and he was sentenced without a required jury waiver and in Ground Two Herrington claims that the trial court did not advise him of his appellate rights. Doc. 1, pp. 5, 7-8 ("trial court claims"). In Ground Two, Herrington also raises a claim that pertains to the state court of appeals' denial of his request to file a delayed appeal. Doc. 1, pp. 7-8 ("appellate court claim").

As indicated above, under 28 U.S.C. § 2244(d)(1), the statute of limitations starts to run from the later of four dates, two of which are pertinent to arguments raised by the parties, i.e., 28 U.S.C. § 2244(d)(1)(A) and 28 U.S.C. § 2244(d)(1)(D). Respondent contends that the Petition is time barred under 28 U.S.C. § 2244(d)(1)(A) and also contends that, because Herrington did not

act in a reasonably diligent manner to learn about his right to appeal, he should not be entitled to a later start date under 28 U.S.C. § 2244(d)(1)(D). Doc. 8. In response, Herrington asserts that his direct appeal did not become final until the United States Supreme Court denied his petition for a writ of certiorari that was filed in connection with his unsuccessful motion for leave to file a delayed appeal. Doc. 9. The United States Supreme Court denied Herrington's petition for a writ of certiorari on October 1, 2018.[4] Doc. 8-1, p. 119. Thus, he contends that the Court should conclude that his Petition is timely under 28 U.S.C. § 2244(d)(1)(A) because it was filed on September 27, 2019, within one-year from the United State Supreme Court's denial of his petition for a writ of certiorari. Doc. 9, p. 5.

### 1. Herrington's Petition is untimely under 28 U.S.C. § 2244(d)(1)(A)

On May 29, 1997, the trial court sentenced Herrington. Doc. 8-1, p. 10. The journal entry was filed on June 6, 1997. *Id.* Thus, with respect to his trial court claims, Herrington had 30 days to file an appeal with the court of appeals, *see* Ohio App. R. 4(A), but he did not do so. Since the thirtieth day, i.e., July 6, 1997, fell on a Sunday, Herrington had until the next business day, i.e., July 7, 1997, to file his appeal. *See* Ohio App. R. 14(A). Thus, his conviction became final on July 7, 1997. The statute of limitations under 28 U.S.C. § 2244(d)(1)(A) started to run the next day on July 8, 1997, and Herrington's Petition was therefore due on or before July 8, 1998. As indicated herein, Herrington's Petition was filed September 27, 2019.[5] Thus, absent tolling, his Petition, which was filed more than 20 years after the expiration of the statute of limitations, is time-barred under 28 U.S.C. § 2244(d)(1)(A).

---

[4] Herrington states that his petition for writ of certiorari was denied on October 9, 2018. Doc. 9, p. 5. However, that was the date that the United States Supreme Court's denial was docketed in the Ohio Court of Appeals. Doc. 8-1, p. 119.

[5] As noted herein, under the prison mailbox rule, Herrington's Petition is deemed filed on September 27, 2019. *See* FN 1 above.

"[A] motion for a delayed appeal is an application for collateral review or postconviction relief[]" and not considered part of the direct review. *Foster v. Bobby*, 2010 WL 1524484, * 3-4 (N.D. Ohio Apr. 15, 2011). Thus, a motion for delayed appeal can only serve to toll the statute of limitations; it cannot restart the clock. *See Vroman, supra* (statutory tolling does not restart the statute of limitations clock); *see also Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) ("although the filing of the motion for delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin running anew when the state court denied the motion"). Accordingly, Herrington's motion for leave to file a delayed appeal, which was filed well beyond the expiration of the one-year statute of limitation for filing his federal habeas petition, did not restart the statute of limitations under 28 U.S.C. § 2244(d)(1)(A). And his Petition, filed on September 27, 2019, is therefore untimely under 28 U.S.C. § 2244(d)(1)(A).

### 2. Herrington's Petition is untimely under 28 U.S.C. § 2244(d)(1)(D)

#### a. Trial court claims

Where a petitioner has not been advised of his right to an appeal at sentencing, a court may conclude that the statute of limitations commenced on a later date under 28 U.S.C. § 2244(d)(1)(D), i.e., when a duly diligent petitioner would have discovered the factual predicate of his claims. *See DiCenzi v. Rose*, 452 F.3d 465, 470-471 (6th Cir. 2006); *Ward v. Timmerman-Cooper*, 2008 WL 214411, * 3 (S.D. Ohio Jan. 23, 2008). The Sixth Circuit has explained that:

> The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal]. After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence.

*DiCenzi*, 452 F.3d at 470 (quoting *Wims v. Untied States*, 225 F.3d 186, 190 (2d Cir. 2000)) (alterations in original).  "[T]he date on which the limitations clock beg[ins] to tick is a fact-specific issue." *Id*. at 471.  "[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." *Id*. at 471.

Herrington asserts he was not told of his appellate rights at the time of his plea and sentence.  Doc. 1, p. 7.  Assuming arguendo that Herrington was not told of his appellate rights at his plea and sentencing, he does not state how or when he learned of his right to appeal.  Herrington only states that, in 2017, he sought help from the public defender to vindicate his rights through the filing of a delayed appeal, which was filed on May 16, 2017.  Doc. 1, p. 7; Doc. 8-1, p. 21; Doc. 9-1, p. 1, ¶ 1.

Not only must Herrington demonstrate a date on which he learned of his right to appeal, which he has not done, he must also demonstrate that he could not have discovered the factual predicate for his claims earlier through the exercise of reasonable diligence.  *Ray v. Bunting*, 2016 WL 6246235, * 2 (N.D. Ohio Oct. 26, 2016) (quoting *Bey v. Capello*, 525 Fed. Appx. 405, 408 (2013) (citing *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006)).  The record before this Court does not demonstrate that Herrington exercised due diligence to discover the factual basis for his claims.  Although convicted in 1997, Herrington identifies no action other than contacting the public defender's office 20 years later in 2017 to assist him with vindicating his rights.  In view of the foregoing, the undersigned finds that Herrington has not met his burden of showing he exercised due diligence such that the statute of limitations for his trial court claims should begin running from the date he discovered he had a right to appeal, pursuant to 28 U.S.C. § 2244(d)(1)(D).  *See e.g.*, *Ward*, 2008 WL 214411, * 5 ("the record [did] not reflect that petitioner

11

exercised diligence in discovering the factual basis for his claims" where "[p]etitioner apparently made no effort to learn about his appeal for more than seven years from the date of his sentencing"); *Farraj v. Turner*, 2016 WL 5107076, *1-2 (N.D. Ohio Sept. 20, 2016) (rejecting claim that petitioner acted with reasonable diligence in discovering he had a right to appeal where petitioner claimed that he did not learn of his right to appeal until almost four years after his guilty plea and finding that petitioner was not entitled to a later start date of the statute of limitations under 28 U.S.C. § 2244(d)(1)(D) or equitable tolling); *Ray*, 2016 WL 6246235, * 2 (rejecting claim that petitioner should be entitled to later start of the statute of limitations on the ground that the trial court had not advised him of his right to appeal where the petitioner provided "no evidence that he did anything to protect his rights following his sentencing, offering instead only a conclusory allegation that he did not learn of his right to appeal until" a number of years after his sentencing); *Smelko v. Marquis*, 2018 WL 7888551, *2-3 (N.D. Ohio July 13, 2018), *report and recommendation adopted*, 2019 WL 1409583 (N.D. Ohio Mar. 28, 2019) (finding petitioner failed to demonstrate due diligence in discovering his right to appeal in order to trigger a later start date under 28 U.S.C. § 2244(d)(1)(D)); *Reyes v. Warden, Richland Corr. Inst.*, 2018 WL 5849892 * 3 (6th Cir. Aug. 23, 2018) (order denying certificate of appealability regarding petitioner's claim that the district court was wrong in concluding he was not entitled to a later start date of the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(1)(D)).

In light of the foregoing, Herrington's trial court claims are time-barred under 28 U.S.C. § 2244(d)(1)(A) and he has not met his burden of showing due diligence in order to be entitled to a later start date for the statute of limitations under 28 U.S.C. § 2244(d)(1)(D). Accordingly,

absent a showing that Herrington is entitled to equitable tolling, the Court should dismiss those claims.

### b. Appellate court claim

In Ground Two, Herrington raises a claim that the appellate court violated his constitutional rights by denying him access to the court when it denied his motion for leave to file a delayed appeal. Assuming arguendo that the claim is cognizable on federal habeas review, the claim is also time-barred.

In *Shorter v. Richard*, 659 Fed. Appx. 227 (6th Cir. Aug. 12, 2016), the court considered the issue of whether a petitioner was entitled to a later start date of AEDPA's statute of limitations under 28 U.S.C. § 2244(d)(1)(D) with respect to the petitioner's challenge to the court of appeals' denial of his appeal on the ground that the claim did not accrue until the court of appeals denied his appeal. Factually, in *Shorter*, the trial court had not notified the petitioner of his appellate rights at his sentencing in November 2008. *Shorter*, 659 Fed. Appx. at 228-232. On December 8, 2008, petitioner's trial counsel sent a letter to petitioner in response to a letter from petitioner in which, the *Shorter* court explained, "obliquely addressed appellate rights[.]" *Id*. at 228-229. The record showed no further communication between the petitioner and his counsel regarding an appeal. *Id.* at 229. Then in November 2013, the petitioner filed a notice of direct appeal and motion for leave to seek a delayed appeal. *Id.* The petitioner stated in his motion for leave that he had learned of his right to appeal in October 2013 after speaking with another inmate. *Id.* at 229. The petitioner filed his federal habeas petition 2 months after the Ohio Supreme Court declined to accept jurisdiction of his appeal from the state court of appeals' denial of his motion for leave to file a delayed appeal. *Id.*

The petitioner, relying on *DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006), argued that his habeas claim challenging the court of appeals' denial of his delayed appeal did not accrue until the court denied his appeal and the Respondent, relying on *Johnson v. United States*, 544 U.S. 295 (2005), argued that the petitioner was not entitled to a later start date because he did not demonstrate due diligence in pursuing a delayed appeal. The court in *Shorter* analyzed the issue, explaining:

> By its terms, section 2244(d)(1)(D) "requires diligence." *McQuiggin v. Perkins*, –––– U.S. ––––, 133 S.Ct. 1924, 1933, 185 L.Ed.2d 1019 (2013). The Supreme Court has cautioned against reading this requirement "out of the statute." *Johnson*, 544 U.S. at 310, 125 S.Ct. 1571. *Johnson* concerned whether the petitioner could avail himself of a delayed accrual date under § 2255(f)(4), the similarly worded analog to § 2244(d)(1)(D) applicable to federal convictions, where a petitioner waited over three years to return to state court to attempt to vacate a state conviction that had supported an enhanced federal sentence. 544 U.S. 295, 125 S.Ct. 1571. The Supreme Court ruled that although the petitioner had filed his federal habeas petition within one year of the state court's vacatur order, the petition was nonetheless untimely because AEDPA "allows the fact of the state-court order to set the 1–year period running only if the petitioner has shown due diligence in seeking the order," which it deemed the petitioner not to have done. *Id.* at 302, 125 S.Ct. 1571.
>
> Emphasizing the petitioner's role in bringing about the vacatur order, the majority held that "[t]he requirement of due diligence must therefore demand something more than the dissent's willingness to accept no diligence at all." *Id.* at 309, 125 S.Ct. 1571. It continued:
>
>> Where one "discovers" a fact that one has helped to generate, however, whether it be the result of a court proceeding or of some other process begun at the petitioner's behest, it does not strain logic to treat required diligence in the "discovery" of that fact as entailing diligence in the steps necessary for the existence of that fact.
>
> *Id.* at 310, 125 S.Ct. 1571 (internal citations omitted). The Court expressly rejected the petitioner's arguments, comparable to those advanced by Petitioner here, that he was acting pro se and had sought vacatur immediately upon receiving help from an inmate law clerk. *Id.* at 301, 311, 125 S.Ct. 1571. In the final section of the opinion, the majority subjected the petitioner to a reasonableness test, holding that he had "delayed unreasonably" and that "on this record ... [the petitioner] fell far short of reasonable diligence." *Id.* at 311, 125 S.Ct. 1571.

*Shorter*, 659 Fed. Appx. at 230-231 (alterations in orginal). The court in *Shorter* observed that *DiCenzi* post-dated but did not cite or discuss *Johnson*. *Id.* at 231. Also, the *Shorter* court noted that, while the court in *DiCenzi* concluded that the petitioner's claim relating to the denial of appeal accrued from the court of appeals' denial of the petitioner's motion for delayed appeal, the *DiCenzi* court's mention of due diligence in its discussion suggested that it considered due diligence in seeking delayed appeals and, that "[r]eading *DiCenzi* for the proposition that appeal-based claims entail no diligence inquiry, as Petitioner seems to do, likely misconstrues the case, and certainly misconstrues the statute, to which we are obliged to give full effect." *Id.* at 232 (citing 28 U.S.C. § 2244(d)(1)(D)). Explaining that 28 U.S.C. § 2244(d)(1)(D) "allows a delayed accrual date beginning with 'the date on which the factual predicate of the claim or claims presented *could have been discovered through the exercise of due diligence*' (emphasis added)[,]" the *Shorter* court concluded that *Johnson* requires a court "to give meaning to the latter part of [the] clause, subjecting a petitioner to a duty of reasonable diligence in pursuing appeals as well as attacking sentences directly." *Shorter*, 659 Fed. Appx. at 232; *see also DeJarnette v. Harris*, 2018 WL 2558383, * 2-3 (S.D. Ohio June 4, 2018) (construing *DiCenzi* in conjunction with *Johnson*, "which requires consideration of the petitioner's exercise of due diligence[]" and finding that petitioner did not act diligently in learning about his right to appeal) (citing *Shorter*, 649 Fed. Appx. at 230), *report and recommendation adopted by*, 2018 WL 3619642 (S.D. Ohio July 30, 2018); *Cathcart v. Warden, London Correctional Inst.*, 2019 WL 1587148, * 2-5 (S.D. Ohio Apr. 12, 2019) (finding that petitioner failed to meet his burden of demonstrating due diligence in order to trigger a later start date for the statute of limitations), *report and recommendation adopted by* 2019 WL 2106097 (May 14, 2019).

Thus, while the factual predicate with respect to the petitioner's claim regarding the denial of his delayed appeal was the court of appeals' denial of the motion for leave, it was not clear whether the denial could have come sooner and the burden of showing due diligence was on the petitioner. *Shorter*, 659 Fed. Appx. at 232. Applying the foregoing analysis to the facts before it, the *Shorter* court stated that the petitioner had not convinced the court that "a duly diligent person in his circumstances would have delayed a full five years in filing his motion for direct appeal." *Id.* Thus, the court affirmed the trial court's denial of habeas relief without reaching the merits. *Id.*

Here, Herrington did nothing to pursue his rights for nearly 20 years. Herrington has not explained why he did not or why he could not have sought leave to file a delayed appeal earlier than 20 years after his plea and sentence. He has failed to demonstrate that a duly diligent person in his own circumstances would have waited 20 years before seeking legal assistance to vindicate his rights. In light of the foregoing, the undersigned finds that Herrington has not demonstrated due diligence where he waited nearly 20 years before taking any action to seek to vindicate his rights. Accordingly, he should not be entitled to a later start date for his appellate court claim under 28 U.S.C. § 2244(d)(1)(D) and, even if his claim that the appellate court violated his constitutional rights by denying him leave to file a delayed appeal is cognizable on federal habeas review, the Court should dismiss the claim as time-barred.

**3.     Herrington is not entitled to equitable tolling of the statute of limitations**

AEDPA's statute of limitations is subject to equitable tolling. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010)). Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline

16

unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 Fed. Appx. 439, 442 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). There are two forms of equitable tolling: (1) *traditional* equitable tolling; and (2) *actual innocence* equitable tolling. As discussed below, a petitioner, by satisfying the two-part test, may be entitled to traditional equitable tolling. Additionally, a petitioner may be entitled to actual innocence equitable tolling. Respondent argues that Herrington is not entitled to equitable tolling of the statute of limitations. Doc. 8, pp. 14-17. Herrington does not argue that he is entitled to equitable tolling nor does he assert grounds upon which this Court should find he is entitled to equitable tolling. He states only that Respondent's arguments on equitable tolling are not applicable to his case. Doc. 9, p. 5; Doc. 9-1, p. 2, ¶ 13. For the reasons set forth below, the undersigned finds that Herrington is not entitled to either form of equitable tolling.

### a. Herrington is not entitled to traditional equitable tolling

A habeas petitioner is entitled to equitable tolling only if he shows that (1) "he has been pursuing his rights diligently[;]" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Hall*, 662 F.3d at 749 (quoting *Holland*, 130 S.Ct. at 2560). Equitable tolling is "applied sparingly" and is evaluated on a case-by-case basis, with the petitioner retaining the "ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011) (internal quotations and citations omitted).

As discussed above, Herrington has failed to demonstrate that he has been pursuing his rights diligently. While he contends that he was not advised of his appellate rights at the time of his plea and sentencing, he took no action for 20 years to pursue his rights and he fails to identify any extraordinary circumstance stood in his way of timely filing. Additionally, Herrington's

17

decision to wait until September 27, 2019, to file his federal habeas petition, which was close to a full year after the United State Supreme Court denied his petition for a writ of certiorari in 2018 and over 22 years after entry of his plea and sentence is not indicative of diligence in pursuing his rights. Furthermore, "*pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance[.]" *Keeling v. Warden, Lebanon Correctional Inst.*, 673 F.3d 452, 464 (6th Cir. 2012); *see also Hall*, 662 F.3d at 750-752 (lack of transcript, pro se status and limited law library access did not warrant equitable tolling); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("[L]ack of legal training, [a petitioner's] poor education, or even [a petitioner's] illiteracy" are not reasons to toll the statute of limitations.).

Since Herrington has not argued or demonstrated that he was diligently pursuing his rights and there is no indication that extraordinary circumstances stood in the way of timely filing of his habeas petition, Herrington is not entitled to traditional equitable tolling of the statute of limitations under the *Holland* two-part test.

### b. Herrington is not entitled to actual innocence equitable tolling

In addition to equitable tolling under the traditional two-part test outlined above, "a petitioner may also be eligible for equitable tolling if he demonstrates actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice." *Patterson v. Lafler*, 455 Fed. Appx. 606, 609 (6th Cir. 2012). "A valid claim of actual innocence requires '*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)) (emphasis supplied). "The evidence must demonstrate factual innocence, not mere legal insufficiency." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Herrington, who pleaded guilty in 1997, has not argued or demonstrated that there is "new evidence" demonstrating his factual innocence. Thus, Herrington is not entitled to equitable tolling based on actual innocence.

### IV. Conclusion and Recommendation

For the reasons set forth above, the undersigned concludes that Herrington's Petition is untimely under 28 U.S.C. § 2244(d). Further, Herrington has not demonstrated an entitlement to equitable tolling of the statute of limitations. Accordingly, the undersigned recommends that the Court **GRANT** Respondent's Motion to Dismiss (Doc. 8) and **DISMISS** Herrington's Petition (Doc. 1) as barred by the statute of limitations.

May 20, 2020

*/s/ Kathleen B. Burke*
Kathleen B. Burke
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).