UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

_____

|  |  |  |
|---|---|---|
| FRANK HERRINGTON, | : | CASE NO. 1:19-cv-02405 |
|  | : |  |
| Petitioner, | : | ORDER |
|  | : | [Resolving Doc. 1, 10] |
| vs. | : |  |
|  | : |  |
| WARDEN LYNEAL | : |  |
| WAINWRIGHT, | : |  |
|  | : |  |
| Respondent. | : |  |

_____

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On May 29, 1997, Petitioner Frank Herrington pleaded guilty to aggravated murder with felony murder specification in state court.[1]  A three-judge panel sentenced him to life without the possibility of parole.[2]  Herrington did not appeal.

On September 27, 2019, Herrington, acting *pro se*, filed the instant 28 U.S.C. § 2254 habeas petition.[3]  The Government moved to dismiss the petition on statute of limitations grounds.[4]  Herrington opposed.[5]

On May 20, 2020, Magistrate Judge Kathleen Burke filed a Report and Recommendation recommending that the Court grant the Government's motion to dismiss.[6]  Herrington objected.[7]

For the following reasons, the Court **OVERRULES** Herrington's objections, **ADOPTS**

_____

[1] Doc. 8-1 at 10.
[2] *Id.*
[3] Doc. 1.
[4] Doc. 8.
[5] Doc. 9.
[6] Doc. 10.
[7] Doc. 11.

Case No. 1:19-cv-02405
Gwin, J.

the Report and Recommendation, and **GRANTS** the Government's motion to dismiss.

I.     Background

The relevant background is recounted more fully in the Report and Recommendation. In sum, Herrington did not attempt to appeal his state conviction for almost twenty years. On May 16, 2017, Herrington's counsel filed in state court a notice of appeal and a motion for leave to file a delayed appeal.[8] He argued that the three-judge panel took his plea and sentenced him for a death-eligible crime without a necessary signed jury waiver.[9] In his filings, Herrington said his appeal was delayed because he was not informed by counsel or the court of his right to appeal.[10]

On June 6, 2017, Ohio's Eighth District Court of Appeals denied Herrington's request to file a delayed appeal.[11] On June 20, 2017, the appellate court denied Herrington's request for reconsideration.[12]

On January 31, 2018, the Ohio Supreme Court declined to accept jurisdiction over the appeal.[13] On October 1, 2018, the United States Supreme Court denied Herrington's petition for a writ of certiorari.[14]

On September 27, 2019, Herrington filed a habeas petition pursuant to 28 U.S.C. § 2254.[15] Herrington's petition raises two grounds. First, he says that the state trial court violated his constitutional rights by failing to obtain a jury waiver. Second, Herrington

---

[8] Doc. 8-1 at 12.
[9] *Id.* at 24.
[10] *Id.*
[11] *Id.* at 38.
[12] *Id.* at 56.
[13] *Id.* at 82.
[14] *Id.* at 119.
[15] Doc. 1. As the Report and Recommendation notes, the petition is deemed filed on the day that Herrington gave it to prison officials to mail. Cook v. Stegall, 295 F.3d 517, 521 (6th Cir. 2002).

Case No. 1:19-cv-02405
Gwin, J.

states that his rights were violated when the trial court failed to inform him of his right to appeal and when the Ohio appellate court failed to allow his delayed appeal.

## II.   Discussion

Magistrate Judge Burke recommended the dismissal of Herrington's petition.[16] Because Herrington objected, this Court reviews the objected-to portions of the Report and Recommendation de novo.[17]

The Government moves to dismiss Herrington's petition as time-barred.  Pursuant to 28 U.S.C. § 2244, a one-year limitation period applies to state-court prisoners' habeas petitions.  The one-year period begins to run from the latest of four dates, two of which are relevant here: "(A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review," and "(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[18]

Respondent argues that the petition is time barred under both provisions.[19] Petitioner Herrington argues that because the Supreme Court did not deny his petition for writ of certiorari regarding his denied motion for a delayed appeal until October 1, 2018 his petition is timely.[20]

### A.  Conclusion of Direct Review Under 28 U.S.C. § 2244(d)(1)(A)

The Report and Recommendation found that Herrington's habeas petition was untimely under 28 U.S.C. § 2244(d)(1)(A), because more than one year had passed since

---

[16] Doc. 10.
[17] 28 U.S.C. § 636(b)(1).
[18] 28 U.S.C. § 2244(a)(1).
[19] Doc. 8.
[20] Doc. 9.

Case No. 1:19-cv-02405
Gwin, J.

the conclusion of direct review.  The Court agrees.

The state trial court sentenced Herrington on May 29, 1997, and his sentence became final on July 7, 1997.[21]  Herrington argues that his direct appeal was not final until the Supreme Court denied his writ of certiorari regarding his motion for a delayed appeal.[22] But a delayed appeal motion is not direct review.[23]  While such a motion may toll the statute of limitations, filing a motion for a delayed appeal does not restart the one-year period following direct review in which the petitioner may file a habeas petition.[24]

Herrington's habeas petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

## B.  Discovery of Factual Predicate Under 28 U.S.C. § 2244(d)(1)(D)

Herrington asserts that the trial court failed to obtain a jury waiver before sentencing him.  This claim accrued at sentencing and, as explained above, the statute of limitation expired one year after his sentence became final.  However, where the petitioner is not advised of his appellate rights, the statute of limitations may begin to run on a later date, when the factual predicate of the claims could have been discovered through due diligence.  "The burden of showing due diligence rests with the petitioner." [25]

Herrington does not argue that he exercised due diligence or otherwise explain his approximately twenty-year delay in filing an appeal.  From the record, it appears that Herrington contacted the public defender's office wishing to take an appeal sometime

---

[21] As the Report and Recommendation notes, Herrington's conviction became final on July 7, 1997, the next business day following thirty days after Herrington's sentence.  Doc. 10 at 9.

[22] Doc. 11 at 1-4.

[23] *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

[24] *Id.* ("[A]lthough the filing of the motion for a delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin running anew when the state court denied the motion.").

[25] *Shorter v. Richard*, 659 F.App'x. 227, 232 (6th Cir. 2016).

Case No. 1:19-cv-02405
Gwin, J.

around 2016.[26]  In his objection, Herrington states that the "trial court claim came through the due diligence" of the public defenders.[27]  Neither of these facts reflect due diligence on Herrington's part to discover his claims during the twenty-year period preceding his motion for a delayed appeal, nor do they explain why he was unable to exercise such diligence. As such, Herrington has failed to satisfy his burden of demonstrating due diligence, so his petition is not timely under 28 U.S.C. § 2241(d)(1)(D).

Relatedly, the Court finds that Herrington's other claim, that the appellate court declined to accept his delayed appeal, cannot be considered timely.  Although Herrington filed his habeas petition within one year of that denial becoming final, "it is not at all clear whether that denial could have come sooner" had Herrington exercised due diligence in regard to his appeal.[28]  As stated above, Herrington has not met his burden of demonstrating his due diligence.

### C. Equitable Tolling

Herrington does not dispute the Report and Recommendation's conclusion that Herrington is not entitled to equitable tolling.  The Court agrees with the Report and Recommendation's finding.

### III.  Conclusion

For the foregoing reasons, the Court **OVERRULES** Herrington's objections, **ADOPTS** the Report and Recommendation, and **GRANTS** Respondent's motion to dismiss.

The Court certifies that there is no basis upon which to issue a certificate of

---

[26] Doc. 8-1 at 24 ("Mr. Herrington contacted the Cuyahoga County Public Defender's Office because he wishes to pursue a delayed appeal on the ground that the three-judge panel did not have jurisdiction to take his plea."). Although the delayed appeal was filed in 2017, some of the supporting documents are dated 2016.
[27] Doc. 11 at 4.
[28]

Case No. 1:19-cv-02405
Gwin, J.

appealability.[29]

Dated: July 10, 2019                          s/        James S. Gwin
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE

---

[29] 28 U.S.C. 2253(c); Fed. R. App. P. 22(b).

-6-